**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory O'Neal,<br><br>                        Plaintiff,<br><br>v.<br><br>Tanimura & Antle Fresh Foods, Inc.; and City of Yuma,<br><br>                        Defendants. | No. CV-25-01413-PHX-DGC<br><br>**ORDER** |

Plaintiff Gregory O'Neal asserts claims against Defendants Tanimura & Antle Fresh Foods, Inc. ("Tanimura") and the City of Yuma (the "City"), which stem from the City's approval of Tanimura's housing project. Tanimura has filed a motion to dismiss. Plaintiff has filed motions for entry of default and default judgment, motions to amend, motions to remand, and other motions. The Court will deny Plaintiff's default motions, grant Tanimura's motion to dismiss, grant Plaintiff leave to amend, and remand the case to state court.

**I.    Background.**

The City, acting through its planning and zoning authorities, approved Tanimura's development of a high-density agricultural worker housing project adjacent to Plaintiff's

residence in a senior retirement community. Doc. 1-1 at 6. Plaintiff claims the project will interfere with his ability to enjoy his residence and diminish the value of his property. *Id.*

Plaintiff filed his original complaint in Yuma County Superior Court on March 11, 2025. Doc. 1-1 at 5-13; *see O'Neal v. Tanimura & Antle*, S1400-CV-202500025 (Yuma Cnty. Super. Ct. 2025). Tanimura moved to dismiss on April 4, 2025. Doc. 1-1 at 221-33. Plaintiff filed the operative second amended complaint ("SAC") on April 7, 2025. *Id.* at 243-57.[1] The SAC asserts state law private nuisance and negligence claims against Tanimura and the City (counts one and two), a state law inverse condemnation claim against the City (count three), and a due process claim under federal law, 42 U.S.C. § 1983, against the City (count four). *Id.* at 246-54.

In response to Plaintiff's filing of the SAC, Tanimura removed the case to this Court, asserting federal question and diversity jurisdiction. Doc. 1 ¶¶ 5-10 (citing 28 U.S.C. §§ 1331, 1332(a)). Since the removal, Plaintiff has filed two motions to remand (Docs. 14, 23), multiple motions to amend his pleading (Docs. 12, 18, 24, 26, 32, 34), motions for entry of default and default judgment (Docs. 21, 22), several motions to strike his own motions (Docs. 17, 25, 31), and a motion to allow electronic filing (Doc. 19). Tanimura has filed a motion to strike certain documents filed by Plaintiff. Doc. 29.

**II.  Motions to Strike and Moot Motions.**

Plaintiff moves to strike the following motions: motion for leave to amend pleading (Doc. 12); motion to amend pleading (Doc. 18); motion to remand (Doc. 23); and motion

---

[1] Plaintiff filed a first amended complaint on April 2, 2025, but the filing was improper because Defendants were permitted to file a responsive pleading to the original complaint. The SAC is proper because Plaintiff filed it before his response to Tanimura's motion to dismiss was due. *See* Ariz. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course: (A) no later than 21 days after serving it if the pleading is one to which no responsive pleading is permitted; or (B) . . . if a motion under Rule 12(b), (e), or (f) is served, on or before the date on which a response to the motion is due[.]"); *see also Encanterra Residents Against Annexation v. Town of Queen Creek*, No. 2 CA-CV 2020-0002, 2020 WL 1157024, at *6 (Ariz. Ct. App. Mar. 9, 2020) (discussing Rule 15(a)(1)); *Feliciano v. MCSO Sheriff Penzone*, No. 1 CA-CV 18-0161, 2018 WL 6565375, at *1 (Ariz. Ct. App. Dec. 13, 2018) ("[Defendants] jointly moved to dismiss under Rule 12(b) on November 8, 2017. . . . [Plaintiff] moved to amend his complaint on November 21, 2017, before his responses to Defendants' motions were due. Under Rule 15, he had the right to amend his complaint absent court permission.").

for supplemental pleading (Doc. 24).  *See* Docs. 17, 25, 31.  The Court will grant the motions to strike and deem those motions withdrawn.  The Court will deny Tanimura's motion to strike the withdrawn motions (Doc. 29) as moot.  Plaintiff has filed two other motions for supplemental pleading (Docs. 26, 31), which the Court will deny as moot in light of Plaintiff's more recent motion to amend pleading (Doc. 34).

### III.    Plaintiff's Motions for Entry of Default and Default Judgment.

Pursuant to Federal Rule of Civil Procedure 55, Plaintiff moves for entry of default and default judgment against Tanimura and the City.  Docs. 21, 22.  Rule 55 provides for entry of default where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]"  Fed. R. Civ. P. 55(a).

Plaintiff served process on Tanimura on March 27, 2025.  *See* Doc. 1-1 at 208. Plaintiff contends that entry of default is warranted because Tanimura has filed no answer to the complaint.  Doc. 21 at 2.  But Tanimura filed a timely motion to dismiss (Doc. 1-1 at 221-33), and the motion extends Tanimura's time to answer to 14 days after the Court rules on the motion.  Fed. R. Civ. P. 12(h)(4)(A); *see Richardson v. Stanley Works, Inc.*, No. CV-08-1040-PHX-NVW, 2009 WL 383554, at *1 (D. Ariz. Feb. 13, 2009) ("A motion to dismiss . . . tolls the time for a defendant to file an answer."); *Sorensen v. Bastian*, No. 22-15320, 2023 WL 4421392, at *1 (9th Cir. July 10, 2023)  ("The district court correctly held that the defendants were not in default because they filed a timely Rule 12(b)(6) motion to dismiss the amended complaint, instead of filing an answer.").

Plaintiff states that he served process on the City on April 9, 2025, before the case was removed to this Court.  Doc. 21 at 2.  Under Arizona Rule of Civil Procedure 4.1, municipal corporations such as cities and towns may be served "by delivering a copy of the summons and the pleading . . . to the clerk of [the] municipal corporation."  Ariz. R. Civ. P. 4.1(h)(3).  The record includes a certified mail return receipt addressed to the City and signed by Francisco Silva on April 9, 2025, but the receipt does not identify the documents mailed or show that Mr. Silva is the City's clerk.  Doc. 1-2 at 42.  And even if

3

Plaintiff mailed the summons and complaint to the City's clerk, "Arizona's Rules of Civil Procedure . . . require 'delivering' a copy of the summons and complaint to a defendant and do not authorize service by mail." *Robinson v. Heritage Elementary Sch.*, No. CV-09-0541-PHX-LOA, 2009 WL 1578313, at *3 (D. Ariz. June 3, 2009). Because Plaintiff has not shown that he properly served the City, his request for entry of the City's default will be denied. *See Paradise v. California*, No. 2:25-CV-02358-MRA-DFM, 2025 WL 2092821, at *2 (C.D. Cal. June 10, 2025) ("The purpose of filing a proof of service is to confirm that a defendant has been properly served. If the proof of service does not reflect as much, then its presence on the docket alone is insufficient to deem a defendant properly served. Plaintiff must *show* that service of process was effectuated[.]"); *Tolbert v. Nevada*, No. 2:24-CV-01443-JAD-DJA, 2025 WL 1249134, at *1 (D. Nev. Apr. 29, 2025) ("Without proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process. So Tolbert's motion for entry of default is denied.") (citation modified).

Even if default were to be entered, that would not automatically entitle Plaintiff to a court-ordered judgment under Rule 55(b). *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("The district court's decision whether to enter a default judgment is a discretionary one."). The rule in this Circuit is "that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Plaintiff does not address the factors to be considered in deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See id.* at 1471-72.

Nor does Plaintiff present evidence to determine damages. While the Court may generally take as true the factual allegations of the complaint, it may not simply accept the

amount of damages Plaintiff requests. *See* Fed. R. Civ. P. 55(b)(2); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). "There must be an evidentiary basis for the damages sought by [P]laintiff." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citations omitted); *see also Holtsinger v. Briddle*, No. CIV-S-03-0732-MCE-CMK-P, 2007 WL 1080112, at *1 (E.D. Cal. Apr. 4, 2007) ("When a plaintiff's damages are unliquidated . . . they require 'proving up' through an evidentiary hearing or some other means.") (citations omitted). Plaintiff presents no evidence to establish the actual damages to which he may be entitled, let alone the $100,000 he seeks. *See* Doc. 22 at 4.

The Court will deny Plaintiff's motions for entry of default and default judgment.

**IV.     Tanimura's Motion to Dismiss.**

Tanimura moves to dismiss the nuisance and negligence claims asserted in the SAC. Docs. 7, 10. Under Federal Rule of Civil Procedure 12(b)(6), dismissal for failure to state a claim is appropriate when the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court treats all well-pled factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

**A.     Private Nuisance (Count One).**

"A nuisance is the use of property or course of conduct, regardless of an actual trespass or intention, which represents an unreasonable use of one's own property, which thereby obstructs or injures the right of another person, or that of the public[.]'" *Bradford v. City of Tucson*, 573 P.3d 557, 561 (Ariz. Ct. App. 2025) (citations omitted). "A nuisance

is public when it affects rights of citizens as a part of the public, while a private nuisance is one which affects a single individual or a definite number of persons in the enjoyment of some private right which is not common to the public." *Id.* (citation modified).

The SAC alleges that Tanimura's high-density housing project near Plaintiff's property in a senior residential neighborhood will cause excessive noise, pollution, and disruption; increase traffic volume; obstruct residents' views; diminish their privacy; and degrade the aesthetic and environmental character of the neighborhood. Doc. 1-1 at 246-47, ¶¶ 22-27. To constitute a nuisance, "[t]he interference must be 'substantial, intentional and unreasonable under the circumstances.'" *Nolan v. Starlight Pines Homeowners Ass'n*, 167 P.3d 1277, 1284 (Ariz. Ct. App. 2007) (citation omitted). The alleged effects of which Plaintiff complains are common to large housing projects and are not unreasonable under the circumstances, particularly given the utility of the housing project at issue, which the City approved. *See Brenteson Wholesale, Inc. v. Ariz. Pub. Serv. Co.*, 524, 803 P.2d 930, 935 (Ariz. Ct. App. 1990) (noting that courts should consider the utility and reasonableness of the conduct when evaluating a nuisance claim); *see also Hopi Tribe v. Ariz. Snowbowl Resort Ltd. P'ship*, 430 P.3d 362, 366-67 (Ariz. 2018) (affirming dismissal of nuisance claim where the plaintiff alleged interference with the enjoyment of pristine natural surroundings); *Sears v. Hull*, 961 P.2d 1013, 1017-18 (Ariz. 1998) (holding that plaintiffs' nuisance allegations based on "urban crowding, traffic and stresses which will detract from the quality of their immediate community" stated "only generalized harm rather than any distinct and palpable injury").

What is more, the SAC's allegations describe effects that would impact the neighborhood as a whole, but "a private nuisance is one affecting a single individual or a definite small number of persons in the enjoyment of private rights not common to the public[.]" *Spur Indus., Inc. v. Del E. Webb Dev. Co.*, 494 P.2d 700, 705 (Ariz. 1972); *see Armory Park Neighborhood Ass'n v. Episcopal Cmty. Servs. in Ariz.*, 712 P.2d 914, 917 (Ariz. 1985); *Bradford*, 573 P.3d at 561.

The Court will grant Tanimura's motion to dismiss Plaintiff's private nuisance claim.[2]

### B.     Negligence (Count Two).

To plead a negligence claim under Arizona law, a plaintiff must allege "four elements: (1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007).

"Whether a duty exists is a question of law and must be determined before case-specific facts are considered." *Avitia v. Crisis Preparation & Recovery Inc.*, 536 P.3d 776, 782 (Ariz. 2023); *see also Westerman v. Ernst*, 563 P.3d 647, 652 (Ariz. Ct. App. 2025) ("Duty is 'for the court to decide' as a threshold issue because 'absent some duty, an action for negligence cannot be maintained.'") (quoting *Gipson*, 150 P.3d at 230); *Johnson v. Yuma Reg'l Med. Ctr.*, No. CV-22-01061-PHX-SMB, 2025 WL 2337120, at *2 (D. Ariz. Aug. 13, 2025) ("[A] court determines whether a legal duty exists before considering the case-specific facts and irrespective of whether a defendant's conduct creates an unreasonable risk of harm for foreseeable plaintiffs.") (citing *Quiroz v. ALCOA Inc.*, 416 P.3d 824, 828-29 (Ariz. 2018)).

Arizona law does not hold that "one owes a duty of reasonable care at all times to all people under all circumstances[.]" *Gipson*, 150 P.3d at 233. Rather, "a duty in the negligence context arises either from special relationships or public policy, and [courts] look primarily to statutes and common law to create and define duty." *Avitia*, 536 P.3d at

---

[2] Plaintiff also appears to lack standing to maintain his private nuisance claim because he has moved from Yuma to Phoenix and no longer resides at the affected property. *See* Docs. 1-2 at 79-80, 15 at 3. Plaintiff further lacks standing to assert claims for Tanimura's alleged violations of A.R.S. §§ 13-2904 (public nuisance) and 13-2917 (disorderly conduct). *See* Doc. 11 at 2; *Mayer v. Brnovich*, No. CV-19-00338-TUC-DCB, 2019 WL 3816709, at *1 (D. Ariz. Aug. 14, 2019) ("Plaintiff, a private citizen lacks standing to enforce the United States and/or Arizona criminal codes. In other words, enforcement authority over criminal codes lies with either the federal or state government, respectively.").

782. To show that a special relationship created a duty, "a plaintiff must establish 'a preexisting, recognized relationship between the parties,' such as a common-law or familial relationship, or a relationship stemming from a joint undertaking or contract." *Westerman*, 563 P.3d at 652 (quoting *Cal-Am Props. Inc. v. Edais Eng'g Inc.*, 509 P.3d 386, 389 (Ariz. 2022)). "[The] primary source for identifying a duty based on public policy is [Arizona] state statutes." *Quiroz*, 416 P.3d at 830. "[I]n the absence of a statute, [courts] exercise great restraint in declaring public policy." *Id.*

Tanimura argues that the negligence claim fails as a matter of law because Plaintiff has not shown that Tanimura owed him a legal duty. Doc. 10 at 2. The Court agrees.

The SAC alleges that Tanimura had "a duty to exercise reasonable care in the development, permitting, and operation of residential housing facilities in a manner that would not unreasonably endanger the safety, comfort, health, or property rights of nearby residents." Doc. 1-1 at 248, ¶ 34. But the SAC alleges no special relationship between Plaintiff and Tanimura giving rise to such duty. Nor does the SAC identify a statute or public policy imposing the alleged duty. Plaintiff asserts in his response that the SAC alleges Tanimura's actions have caused harm through negligent design, construction, and operation of the housing project (Doc. 8 at 2), but this says nothing about a legal duty Tanimura may owe Plaintiff.

"[D]uty is not presumed; in every negligence case, the plaintiff bears the burden of proving the existence of a duty." *Quiroz*, 416 P.3d at 827. Because Plaintiff fails to allege facts that would meet this burden, the Court will grant Tanimura's motion to dismiss the negligence claim. *See Johnson*, 2025 WL 2337120, at *3 (dismissing negligence claim where the plaintiffs had not "adequately established public policy imposes a legal duty"); *Wahab v. J & S Operating Corp.*, No. CV-24-00417-PHX-JJT, 2025 WL 69332, at *5 (D. Ariz. Jan. 10, 2025) (negligence claim fails because Plaintiff fails to identify a legal duty).

**V.    Plaintiff's Motion to Amend.**

Plaintiff moves to amend the SAC pursuant to Federal Rule of Civil Procedure 15. Doc. 34. Rule 15 provides that the Court "should freely give leave [to amend] when justice

so requires." Fed. R. Civ. P. 15(a)(2). The policy favoring leave to amend must not only be heeded, *Foman v. Davis*, 371 U.S. 178, 182 (1962), it must be applied with "extreme liberality," *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Leave to amend may be denied on the basis of undue delay or bad faith on the part of the moving party, undue prejudice to the opposing party, or futility of the proposed amendment. *Foman*, 371 U.S. at 182.

Plaintiff seeks to remove other residents of the community as plaintiffs,[3] reduce the requested damages from $100,000 to $10,000, eliminate the federal due process claim, and add a property value diminution claim. Doc. 34 at 1-2; *see* Doc. 35 (proposed third amended complaint).

Plaintiff reasserts the private nuisance and negligence claims (Doc. 35 ¶¶ 20-38), but the proposed amended complaint does not cure the defects in those claims. It simply realleges that the housing project will cause excessive noise, pollution, and disruption; increase traffic volume; obstruct Plaintiff's views; diminish his privacy; and degrade the aesthetic and environmental character of the neighborhood. *Id.* ¶¶ 23-26. The proposed amended complaint also fails to identify a cognizable legal duty Tanimura owes Plaintiff. *See id.* ¶¶ 32-38. Because reassertion of the private nuisance and negligence claims against Tanimura would be futile, the Court will deny leave to amend in this regard.

Plaintiff seeks to add a property value diminution claim against Tanimura and the City. Doc. 35 ¶¶ 54-58 (count four). While diminution in value may serve as a measure of damages in certain tort or property cases, it does not appear to be a standalone cause of action in Arizona. *See* Doc. 15 at 2; *SC34 v. Desert Mountain Master Ass'n*, No. 1 CA-CV 11-0240, 2013 WL 1174135, at *4 (Ariz. Ct. App. Mar. 21, 2013) ("Diminution of value damages are an accepted remedy under Arizona law."); *Johnson v. Yuma Reg'l Med. Ctr.*, 769 F. Supp. 3d 936, 947 (D. Ariz. 2024) (explaining that plaintiffs must do more

---

[3] The Court notes that because Plaintiff is proceeding pro se he cannot represent or bring claims on behalf of the other residents. *See Galla v. State*, No. 3:25-CV-01227-AB, 2025 WL 2295233, at *3 (D. Or. Aug. 8, 2025) ("[I]t is well settled that pro se plaintiffs cannot represent other parties.") (citation omitted).

than assert general allegations of diminution in value in order to have compensable damages for a negligence claim under Arizona law).

Plaintiff cites A.R.S. § 12-1134 (Doc. 35 ¶ 57), which "provides that an owner is entitled to just compensation from a political subdivision of the state for diminution in value of private real property if an existing right to use that property is reduced by a land-use law enacted after the date the property is transferred to the owner." *Image Prods., LLC v. City of Tempe*, No. 1 CA-CV 22-0129, 2022 WL 17685266, at *4 (Ariz. Ct. App. Dec. 15, 2022). But any diminution in value claim under § 12-1134 against Tanimura would be futile because Tanimura is not a political subdivision of the state.[4] The Court will deny leave to amend to the extent Plaintiff seeks to assert a property value diminution claim against Tanimura.

The Court will grant leave to amend with respect to removal of other residents as plaintiffs, reduction in damages, and elimination of the federal due process claim (count four of the SAC). The Court will direct the Clerk of Court to file the lodged proposed amended complaint (Doc. 35). As explained above, however, all claims against Tanimura are dismissed.[5]

**VI.  Plaintiff's Motion to Remand.**

A defendant may remove to federal court any case filed in state court over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction may be based on either federal question jurisdiction or diversity jurisdiction. *Id.* §§ 1331, 1332. Federal question jurisdiction exists over civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. District

---

[4] Plaintiff cites two Georgia cases, but both involved zoning challenges, not private tort claims, and neither establishes an independent claim for property value diminution. *See* Doc. 35 ¶ 54 (citing *DeKalb Cnty. v. Wapensky*, 315 S.E.2d 873 (Ga. 1984); *Brand v. Wilson*, 314 S.E.2d 192, 193 (Ga. 1984)).

[5] The Court will not address claims asserted against the City because the City has not moved to dismiss them.

courts have diversity jurisdiction over cases between citizens of different states where the matter in controversy exceeds $75,000. *Id.* § 1332(a).

Plaintiff moves to remand based on his amended pleading that removes the federal due process claim and reduces the amount in controversy below the jurisdictional threshold of $75,000. Doc. 14. Tanimura opposes remand, asserting that federal subject matter jurisdiction existed at the time of removal. Doc. 16 at 4-7. Tanimura is correct that federal question jurisdiction existed when this case was removed because Plaintiff asserted a claim under federal law – the § 1983 due process claim. Doc. 1-1 at 252-54, ¶¶ 56-69 (count four); *see City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) ("The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint.") (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).[6]

Tanimura also asserts that once a case is properly removed, subsequent amendments to the pleadings cannot eliminate federal jurisdiction. Doc. 16 at 5-6 (citing *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006)). This is not correct.

The Supreme Court recently made clear that "[w]hen a plaintiff, after removal, cuts out all her federal-law claims, federal-question jurisdiction dissolves. And with any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well. The operative pleading no longer supports federal jurisdiction, and the federal court must

---

[6] Tanimura asserts that the Court has diversity jurisdiction over this case under § 1332. Doc. 1 ¶ 6. Section 1332 requires complete diversity between the parties – that is, the citizenship of the plaintiff must be diverse from the citizenship of each defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). As Tanimura acknowledges, both Plaintiff and the City are citizens of Arizona. Doc. 1 ¶¶ 7, 9; *see also* Doc. 1-1 at 243, ¶¶ 4-6; *City of Sacramento v. Altstatt*, No. 2:18-cv-00333-MCE-GGH, 2018 WL 5801510, at *2 (E.D. Cal. Nov. 6, 2018) ("Altstatt, a citizen/resident of California also references an asserted diversity of citizenship between himself and the City of Sacramento. However, political subdivisions in the State of California are treated as citizens of the State for diversity purposes.") (citing *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973)). Contrary to Tanimura's assertion, diversity jurisdiction does not exist in this case. *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) ("Although diversity jurisdiction provides an independent basis for federal jurisdiction over state law claims, complete diversity is lacking in this case because both [Plaintiff] and [Defendant] are citizens of California.").

remand the case to the state court where it started." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 54-55 (2025); *see Silva v. Kaiser Found. Hosps.*, No. 2:25-CV-00142-DJC-JDP, 2025 WL 2345876, at *3 (E.D. Cal. Aug. 13, 2025) ("[W]hile the Ninth Circuit has 'long held that post-removal amendments to the pleadings cannot affect whether a case is removable,' *Williams*, 471 F.3d at 976, if a plaintiff files an amended complaint that excises any federal law claims, the court may not exercise supplemental jurisdiction over the state law claims.") (citing *Royal*, 604 U.S. at 25-26); *Botten v. California*, No. EDCV 23-257-KK-SHKX, 2025 WL 1951871, at *2 (C.D. Cal. July 15, 2025) ("The Supreme Court [has] stated that when a plaintiff originally 'files a suit in federal court based on federal claims and later scraps those claims, the federal court cannot go forward with a now all-state-claim suit.'") (quoting *Royal Canin*, 604 U.S. at 36).

Because Plaintiff's amendment eliminates the § 1983 due process claim, federal question jurisdiction no longer exists and the Court may not exercise supplemental jurisdiction over the remaining state law claims. *See Hill v. Sacramento Cnty. Sheriff's Dep't*, No. 2:25-CV-01542 TLN SCR P, 2025 WL 2611915, at *2 (E.D. Cal. Sept. 10, 2025) ("Plaintiff unambiguously amended his complaint to shed the § 1983 claim that enabled removal on the basis of federal question jurisdiction. Thus, . . . the undersigned may not exercise supplemental jurisdiction over his remaining state-law claims."). The Court will grant Plaintiff's motion and remand this case to state court.[7]

**IT IS ORDERED:**

1.  Plaintiff's motions to strike his own motions (Docs. 17, 25, 31) are **granted** and the underlying motions (Docs. 12, 18, 23, 24) are deemed **withdrawn**. Tanimura's motion to strike (Doc. 29) is **denied** as moot.

---

[7] Tanimura's requests for awards of attorneys' fees under 28 U.S.C. § 1927 (Docs. 16 at 7-8, 28 at 6-7) are denied. *See Koji IP, LLC v. Renesas Elecs. Am., Inc.*, No. 24-CV-03089-PHK, 2025 WL 980796, at *5 (N.D. Cal. Mar. 31, 2025) ("With § 1927 as with other sanction provisions, 'district courts enjoy much discretion in determining whether and how much sanctions are appropriate.'") (citations omitted).

      2.      Plaintiff's motions for entry of default and default judgment (Docs. 21, 22) are **denied**.

      3.      Tanimura's motion to dismiss (Doc. 7) is **granted**.

      4.      Plaintiff's motion to amend (Doc. 34) is **granted in part** and **denied in part** as set forth above.  The Clerk is directed to file the lodged Third Amended Complaint (Doc. 35).  Plaintiff's other motions to amend (Docs. 26, 32) are **denied** as moot.

      6.      Plaintiff's motion to allow electronic filing (Doc. 19) is **denied**.

      5.      Plaintiff's motion to remand (Doc. 14) is **granted**.  The Clerk shall remand this case to state court.

Dated this 17th day of October, 2025.

*David G. Campbell*
David G. Campbell
Senior United States District Judge